574

**Rev. Donald R. GEBERT et al.**

v.

**Alan R. HOFFMAN et al.**

**Civ. A. No. 70-3471.**

United States District Court,
E. D. Pennsylvania.

June 7, 1971.

As Amended Aug. 17, 1971.

Pechner, Sacks, Cantor & Dorfman by Bernard Sacks and Michael Brodie, Philadelphia, Pa., for plaintiffs.

McTighe, Koch, Brown & Weiss by Desmond J. McTighe, Philip D. Weiss, Norristown, Pa. and Percival R. Rieder, Abington, Pa., for defendants.

## MEMORANDUM OPINION

JOSEPH S. LORD, III, District Judge.

Plaintiffs filed this class action suit on December 17, 1970. In that complaint it was alleged, generally, that on December 14 and 15 various students who attend the Abington High School engaged in sit-in demonstrations during and after school hours. It was further alleged that the defendant members of the Board of School Directors responded to these sit-ins by (1) obtaining a preliminary injunction, issued *ex parte* on December 14 in the Court of Common Pleas of Montgomery County, restraining such behavior and (2) suspending approximately thirty-six students from school. Plaintiffs contend that both the prosecution of the state court action and the suspension of the students violate rights granted by First, Fifth, and Fourteenth Amendments of the United States Constitution and by 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343(3).

■ On December 18, 1970, we entered a temporary restraining order which enjoined the defendants from continuing to prosecute the state court action and from continuing the suspensions in force.[1] An evidentiary hearing was held in this matter on February 1–3, 1971.

28 U.S.C. § 2283 provides:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

The Third Circuit views 42 U.S.C. § 1983 as an express Congressional exception to the Anti-Injunction statute. DeVita v. Sills, 422 F.2d 1172 (C.A. 3, 1970); Grove Press v. City of Philadelphia, 418 F.2d 82 (C.A. 3, 1969); Cooper v. Hutchinson, 184 F.2d 119 (C.A. 3, 1950). Though this is true, a court must still consider whether federal intervention is appropriate in a given case.[2] DeVita v. Sills, 422 F.2d 1172 (C.A. 3, 1970); see Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

Plaintiffs have argued at length that the sit-in demonstrations which they carried out constitute activity protected by the First Amendment. Since it is allegedly protected activity, it is argued that any legal steps taken in the state courts to stem this activity should be enjoined.

■ It seems beyond question that continued prosecution of the state court action will serve to chill the activity in question. However, there is no contention that the applicable state law appears to prohibit the sit-ins. Nor has there been an allegation or showing of bad faith, harassment or any other unusual circumstance. The mere contention, in a case brought under 42 U.S.C. § 1983, that First Amendment activity has been chilled by the pendency of a suit is not sufficient to justify intervention. See Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

■■ It has been suggested that we need not abstain here since the state proceeding is civil. There is no doubt, of course, that the abstention doctrine applies to cases involving state civil remedies, DeVita v. Sills, 422 F.2d 1172, 1176 (C.A. 3, 1970), although abstention may well play a smaller role when the state proceeding is civil.

"Courts of equity have traditionally shown greater reluctance to intervene in criminal prosecutions than in civil cases. The offense to state interests is likely to be less in a civil proceeding. A State's decision to classify conduct as criminal provides some indication of the importance it has ascribed to prompt and unencumbered enforcement of its law. By contrast, the State might not even be a party in a proceeding under a civil statute." Younger v. Harris, 401 U.S. 37, 55 n. 2, 91 S.Ct. 746, 757, n. 2, 27 L.Ed. 2d 669 (1971) (concurring opinion) (footnotes omitted).

Nonetheless, in this case federal intervention in a state court proceeding is not appropriate though the action be civil. Accordingly, we now vacate our order restraining further prosecution of the state court action. We retain jurisdiction over the claims relating to the student suspensions, and shall proceed in

1. This restraining order has been continued in effect by consent of the parties.

2. There is also the question of the appropriateness of injunctive relief.
"* * * Questions of absention and of injunctive relief are not the same, although policy considerations underlying the abstention doctrine are close to those underlying the equitable rule withholding relief if there is an available legal remedy. * * *" DeVita v. Sills, 422 F.2d 1172, 1176 (C.A. 3, 1970).
Though we have before us both the questions of injunctive relief and abstention, it is appropriate to proceed directly to the abstention issue. Id.; Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed. 2d 669 (1971).

due course to reach a decision in that matter.

## ORDER

And now, this 7th day of June 1971, it is ordered as follows:

1. The Order dated December 18, 1970, restraining further prosecution of the state court action is hereby vacated.

2. The court retains jurisdiction over the claims relating to student suspensions.